Spencer, J.
delivered the opinion of the court. A motion has been made in this case for a new trial, on the ground that it is a verdict against evidence. The only question presented is, whether the vessel was seaworthy *128 at the time of the insurance, or, in other \vords,*whether she was “ tight; staunch and strong.”
The charge of the judge who tried this cause is not detailed ; of course we are to presume, that it was unexceptionable, and- that he submitted the broad question of seaworthiness to the jury as a matter of fact for them t.o decide. The question now presented is not free from, difficulties, notwithstanding the case of Patrick v. Hallett & Bowne, on which the plaintiff’s counsel have relied as-decisively in their favour. It is an undeniable proposition that in every insurance there is an implied warranty on the part of the insured, that the. vessel is not only free from defects, as wéll latent as others, but that she is competent to perform the voyage, and to encounter the 'ordinary perils of the sea. The insurer is only liable for losses arising from the extraordinary and unforeseen perils of the voyage.
There are three leading circumstances in the case of Patrick v. Hallett & Bowne, which distinguish that case from this : The first is, that there a demurrer to evidence was interposed ; and Mr. Justice -Livingston, in giving the opinion of the majority of the court, lays stress on that circumstance, in saying “ if there was any evidence from which a jury might have drawn the conclusion of seaworthiness, it is admitted by the demurrer.” The second arises from the difference of age between the two vessels, The Peggy was but two years old when she was lost., and built of' the most durable materials, whilst the present vessel was between eight and nine years old 5 and certainly, the presumption of latent defects from decay, is much stronger .in this case than in the other. The third essential distinction arises from the fact that the Peggy was shown not only to be tight, strong, and staunch, when she sailed on the voyage, but to have been admitted to be so on the record by the assurers, three months before her loss. There being snch a material difference in the circumstances between the case relied *129 on and this, that I feel myself at liberty to inquire, whether the loss of this vessel did not proceed from latent defects, and not from any extraordinary and unforeseen perils of the sea. It has been urged by the plaintiff’s counsel, thet every vessel insured is prima facie to be deemed sea-worthy. . This argument has in all probability had great influence on the jury. I remember it to have been strongly insisted on, upon a former trial in this cause, in which the jury could not agree and were discharged. This presumption is founded on the benignity of the law, which will not'presume a party to have violated his implied stipulation ; but when a state of facts are presented from which a conclusion is to be deduced, in my opinion, this presumption of sea-worthiness deserves no consideration. “ For when,” says Marshall,* the ship becomes innavigable, or incapable of proceeding on the voyage insured, all the writers agree, that the presumption shall be, that this proceeded from the age and rottenness or other defect of the ship, unless it be made to appear to have been occasioned by sea-damage, or some unforseen accident.”
From the peculiar circumstances of Patrick v. Hallett and Bowne, I think the presumption mentioned by Marshall was countervailed ; in the present case it appears to me not to be repelled ; for though the jury have found this vessel sea-worthy, I think there was no legal evidence of the fact ; and the conclusion on iny mind is irresistible, “ that she died a natural death.” The case of the Amy and Letitia is very much like the present; that vessel, after being out one day, without any bad weather, became very leaky, and was obliged to run for a port; and it was admitted on all sides, that it was a case of unseaworthiness. Lord Mansfield nonsuited the plaintiff, and- it was acquiesced in.
In the present case, there is no adequate cause shown to produce the injury which led to the loss, arising from extraordinary and unforseen perils ; there is not a fact *130 counteracting the presumption of the innavigability of the vessel from internal defects, probably produced by the pressure of the caigo and the action of the seas, but without,the concurrence of any other than ordinary accidents.
Without encroaching on any rule laid down in regard to new trials, it seems to me, that to grant one in this caséis essential to the administration of justice, and to the maintenance of the most salutary principle, that assurers take upon themselves the risk, upon the possibility of gaining the premium ; when, in this case, from the vessel’s being incapable of performing the. voyage, there was no possibility of gaining the premium : the consideration failing, the obligation ceases.
We are of opinion that there had ought to be a new trial on payment of costs', (a) New trial granted.

 Marshall, 365.

 Where a vessel becomes leaky and unfit for sea, the day after she sails, without any violent storm, it raises, a stroifg presumption that she was not seaworthy when she sailed. Wallace v. Depaw, % Bay, 503. A cargo was ensured at and from North Carolina to New-York, held that if the vessel was sea-worthy when she passed the boundary line of North Carolina, this was sufficient; and her unseaworthiness previous to that point of time, would be no defence in an action against the underwriters for loss.—Treadwell v. The Union Ins. Co. 6 Cow. 290.

 Marshall, 369.